IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

WILLIAM C. BARR,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 6:10-cv-00731

PARKERSBURG BEDDING, LLC, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Federal Rule of Civil Procedure 26(f) report [Docket 13]. At the scheduling conference conducted before this court on August 30, 2010, the parties agreed that the plaintiff's claim should be submitted to the plan administrator. Accordingly, I **DISMISS** this action without prejudice so that the plaintiff can first submit his claim to the plan administrator.

**I.**    **Factual and Procedural Background**

The plaintiff originally filed this action in the Circuit Court of Wood County, West Virginia, alleging that the defendants, Parkersburg Bedding, LLC and Schottenstein Stores Corp., unlawfully deducted $72 per week from his paycheck. (Compl. ¶ 4 [Docket 1-1].) The defendants removed the case to this court on May 11, 2010, asserting that the plaintiff's claims were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), in light of the fact that the money withheld from the plaintiff's paycheck was done pursuant to loan repayment procedures contained in the defendant's 401(k) plan (the "Plan"). Thereafter, the plaintiff filed a motion to

remand this action to state court. On June 22, 2010, I denied the motion to remand because I concluded that the plaintiff's claims are completely preempted by the provisions of ERISA [Docket 5].

## II.  Discussion

In denying the plaintiff's motion to remand, I observed that the deductions from the plaintiff's paycheck underlying his claim were made pursuant to procedures set forth in the Plan, which is governed by ERISA [Docket 12]. Accordingly, the plaintiff's claim can only be resolved "by looking to the plan itself," and any relief to the plaintiff must be pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 (*Id.* at 5.)

The Fourth Circuit has ruled, however, that "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits." *Makar v. Health Care Corp. of Mid-Atl.*, 872 F.2d 80, 82 (4th Cir. 1989). That is because ERISA and the regulations promulgated thereunder impose on plan administrators a highly reticulated set of procedures and duties with respect to participants' claims for benefits. *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 n.4 (4th Cir. 1985). Thus, among other benefits, ERISA's exhaustion requirement allows plan fiduciaries to "assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Makar*, 872 F.2d at 83. In other words, "Congress intended plan fiduciaries, not the federal courts, to have primary responsibility for claims processing." *Id.*

The parties agree that the plaintiff has never submitted a formal claim for benefits to the Plan or its administrator. Accordingly, the Plan's administrator was not able to review and resolve the plaintiff's claim, nor was the plaintiff provided a statement of reasons for any denial of benefits or

given the opportunity to seek internal review of any such denial from the Plan. Until the process outlined in ERISA has run its course, however, "[t]here is virtually no factual record to assist this court in reviewing [the plaintiff's] claim." *Id.* Given that context, this action will be dismissed without prejudice so that the plaintiff can first submit his claim to the Plan's administrator.[*]

### III. Conclusion

Based upon the parties' agreement and the foregoing discussion, this action is **DISMISSED** without prejudice and **STRICKEN** from the docket so that the plaintiff can first submit his claim to the Plan's administrator.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 30, 2010

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[*] For purposes of the statute of limitations, an ERISA action does not accrue until a participant's claim for benefits has been made and formally denied by a plan. *See White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240, 246 (4th Cir. 2007).